# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

D.R.S.,[1]

   Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

Civil No. 25-12108-RMB

**OPINION**

**APPEARANCES**:

Jamie Ryan Hall
Law Office of Jamie R. Hall
300 N Pottstown Pike
Suite 240
Exton, PA 19341

  *On behalf of Plaintiff*

Andrew Charles Lynch
Social Security Administration
Law & Policy, Program Litigation 3
6401 Security Boulevard
Baltimore, MD 21235

Shawn Cheree Carver
Social Security Administration
Law & Policy, Program Litigation 3
6401 Security Boulevard
Baltimore, MD 21235

  *On behalf of Defendant*

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party will be identified and referenced solely by initials in opinions issued in Social Security cases in the United States District Court for the District of New Jersey.  *See* D.N.J. Standing Order 2021-10.

**RENÉE MARIE BUMB, Chief United States District Judge**:

Plaintiff D.R.S. ("Plaintiff") asks this Court to reverse the final determination of the Commissioner of the Social Security Administration (respectively, the "Commissioner" and "SSA") denying his applications for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). For the reasons below, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ") finding Plaintiff not disabled within the meaning of the Act.

## I.    PROCEDURAL HISTORY

In April and May 2022, Plaintiff filed disability applications under Title II and Title XVI of the Act.  [R. 18, 165–202.]  Plaintiff alleged an onset date of disability beginning January 1, 2020, for both claims.  [*Id.* at 18, 67, 177, 180, 196.]  The ALJ initially denied Plaintiff's claims in August 2022, and denied them again upon reconsideration in August 2023.  [*Id.* at 18.]  Plaintiff then filed a timely written request for a hearing before an ALJ.  [*Id.*]  That telephonic hearing took place on March 14, 2024, where Plaintiff was represented by an attorney and testified before the ALJ.  [*Id.* at 18, 41–56.]  The ALJ also heard testimony from vocational expert ("VE") Ruth Baruch.  [*Id.* at 56–61.]  The ALJ ruled against Plaintiff on July 15, 2024, finding that he was not disabled under the Act.  [*Id.* at 31.]  On May 20, 2025, the Appeals Council denied Plaintiff's request for review.  [*Id.* at 1–7.]  Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

### A. The Substantial Evidence Standard

The Act grants federal courts limited power to review decisions of the Commissioner denying disability applications.  42 U.S.C. § 405(g).  Although courts fully review all legal

issues decided by the Commissioner, *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000), the Act requires courts to uphold factual decisions made by the Commissioner if they are supported by "substantial evidence," *see* 42 U.S.C. § 405(g); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). This evidentiary threshold is "not high" and "means only . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard is a deferential one, and a court cannot set aside the Commissioner's decision merely because "acting *de novo* [it] might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986). Indeed, courts cannot "weigh the evidence or substitute [their own] conclusions for those of the [Commissioner.]" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted).

Nevertheless, the deferential substantial evidence inquiry does not require a court to rubberstamp the Commissioner's decision. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (explaining that substantial evidence standard is not "a talismanic or self-executing formula for adjudication" and that it requires "qualitative exercise"). Accordingly, when reviewing the Commissioner's decision, a court must "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018) (citation and internal quotation marks omitted).

Where, as here, the Appeals Council denies a claimant's request for review of an ALJ's decision, the "ALJ's decision is the Commissioner's final decision." *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The ALJ's determination must have enough information to

"permit meaningful judicial review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Thus, the ALJ must explain the evidence she considered that "supports the result" and provide "some indication of the evidence [she] rejected." *Smith v. Comm'r of Soc. Sec.*, 178 F. App'x 106, 111 (3d Cir. 2006) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). Otherwise, a court "cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. A court will set aside an ALJ's decision if the judge failed to consider the entire record or resolve an evidentiary conflict. *Fargnoli v. Massanari*, 247 F.3d 34, 41–42 (3d Cir. 2001).

### B. The Disability Determination

To qualify for DIB, a claimant must show that he is disabled. 42 U.S.C. § 423. Under the Act, "a disability is established where the claimant demonstrates some medically determinable basis for an impairment that prevents [him] from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli*, 247 F.3d at 38–39 (citation and internal quotation marks omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Commissioner makes a disability determination through a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). For steps one through four, the claimant bears the burden of proof. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019). At the fifth step, the Commissioner shoulders the burden. *Id.* The five-step process is as follows:

At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If [he] is, [he] is not disabled. *Id.* Otherwise, the ALJ moves to step two.

At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, [he] is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If [he] has such an impairment, the ALJ moves to step three.

At step three, the ALJ determines "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do, [he] is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves to step four.

At step four, the ALJ evaluates the claimant's "residual functional capacity" ("RFC") and whether [he] can perform [his] "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform [his] past relevant work despite [his] limitations, [he] is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If [he] cannot, the ALJ moves to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering [his] "[RFC,] . . . age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, [he] is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If [he] cannot, [he] is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

## III.    FACTUAL BACKGROUND

### A. Plaintiff's Age, Education, and Work History

The Court recounts only the facts necessary to adjudicate this appeal. Plaintiff submitted his application at the age of forty-nine [R. 30.] By the time of the ALJ's decision, Plaintiff became statutorily defined as closely approaching advanced age. [*Id.* (citing 20

C.F.R. §§ 404.1563, 416.963).] Plaintiff has at least a high-school education and worked as a drywall finisher for more than twenty years. [*Id.*]

## B. The ALJ's Decision

The ALJ found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2020, the alleged onset date. [*Id.* at 21.]

At step two, the ALJ found the following physical impairments medically determinable and severe: coronary artery disease, degenerative disc disease, asthma, high blood pressure, and high cholesterol. [*Id.*] However, the ALJ determined that Plaintiff's polysubstance abuse and depression were not severe, and found that there was no objective medical evidence establishing the existence of diabetes mellitus. [*Id.* at 21–22.] With respect to Plaintiff's mental impairments, the ALJ found the following: no limitation in understanding, remembering or applying information; a mild limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing oneself. [*Id.* at 23.]

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. [*Id.* at 21–23.]

At step four, the ALJ found that Plaintiff has the RFC:

to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except claimant can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. He can sit/stand/walk for 6 hours each in an 8 hour workday. Claimant can never crawl or climb ladders, ropes, scaffolds. He can occasionally climb ramps and stairs, balance on uneven or slippery surfaces, stoop, kneel, and crouch. Must avoid concentrated exposure to extreme cold, heat and all exposure to hazards such as heavy machinery, moving mechanical parts and unprotected heights. Must avoid concentrated exposure to pulmonary irritants such as dust, gas, fumes and poor ventilation.

[*Id.* at 25.]  The ALJ further found that Plaintiff could not perform any past relevant work experience.  [*Id.* at 30.]

At step five, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, considering his age, education, work experience, and RFC.  [*Id.*]  Crediting the VE's testimony, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations such as a price marker, electrical assembler, and mail sorter.  [*Id.* at 31.]  Consequently, the ALJ determined that Plaintiff was not disabled.  [*Id.*.]

## IV.    DISCUSSION

Plaintiff submits three arguments in support of remand.  First, he argues that the ALJ failed to consider his mild mental limitations in the RFC analysis.  [Docket No. 10 at 11–15 ("Pl.'s Br.").]  Second, he contends that the ALJ failed to properly evaluate his subjective complaints.  [*Id.* at 15–20.]  Third, he posits that remand is warranted because the ALJ did not discuss his obesity in her written opinion.  [*Id.* at 20–21.]

### A.  The ALJ's Consideration of Plaintiff's Mild Mental Limitations

Plaintiff argues that the ALJ's step-four RFC analysis is deficient because it did not include additional restrictions based on his mild mental limitations.  [*Id.* at 11–15.]  The ALJ also purportedly erred by not accounting for Plaintiff's mental limitations in her hypothetical questioning of the VE.  [*Id.*]  The Commissioner raises three points in response: (1) that *Hess* establishes that step-two mental limitations need not always be incorporated into the RFC at step four; (2) that Plaintiff failed to allege a mental health condition in his disability application and never attributed his inability to work to such an impairment; and (3) that the

7

ALJ's decision was supported by substantial evidence because the ALJ sufficiently addressed Plaintiff's mental health impairments. [Docket No. 14 at 6–10 ("Comm'r's Opp. Br.").]

The Court agrees with the Commissioner that *Hess* favorably governs this case. "In short," the *Hess* court reasoned, "the functional limitation findings do not dictate the terms of the ALJ's statement of the claimant's limitation in the final analytical steps." *Hess*, 931 F.3d at 210. Thus, contrary to Plaintiff's belief, the RFC does not have to squarely account for non-severe mental limitations. *See e.g.*, *Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (explaining that ALJ's RFC determination at step four does not have to contain additional restrictions based on non-severe mental limitations recognized at step two); *Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) ("[T]he ALJ is only required to submit credibly established limitations. Where a limitation is supported by some medical evidence but controverted by other evidence in the record, it is within the ALJ's discretion whether to submit the limitation to the VE."); *Long v. Kijakazi*, No. 20-1358-MN, 2022 WL 609620, at *7 (D. Del. Jan. 31, 2022), *R & R adopted*, No. 20-1358, 2022 WL 609160 (D. Del. Feb. 15, 2022); *D.C. v. Comm'r of Soc. Sec.*, 2021 WL 1851830, at *5–6 (D.N.J. May 10, 2021) (citation omitted) (finding, *inter alia*, no need for "in-depth analysis" of mild limitations, that absence of such analysis was not reversible error, and that any other error did not warrant reversal because minimal limitations need not be incorporated into RFC).

Plaintiff is correct, however, that the law required the ALJ to at least consider how his mild mental limitations impacted his ability to work. *Kijakazi*, 2022 WL 609620, at *6; *Balla v. Comm'r of Soc. Sec.*, 2019 WL 2482661, at *3 (D.N.J. June 14, 2019) (citing *Curry v. Comm'r of Soc. Sec.*, 2017 WL 825196, at *4 (D.N.J. Mar. 2, 2017)) (faulting ALJ for only making "passing reference to the medical evidence regarding mental health" and "nowhere in the []

RFC assessment" considering impact of the claimant's mild limitations on ability to work). But, as demonstrated below, the ALJ thoroughly considered the impact that Plaintiff's mild mental limitations had on his ability to work.

The ALJ acknowledged Plaintiff's polysubstance abuse and depression, but concluded that "the medical evidence of record does not support that these impairments cause more than slight functional limitations that interfere with the claimant's ability to perform basic work-related activities." [R 21.] Specifically, the ALJ explained that while Plaintiff claimed he was depressed at an August 16, 2023, consultative examination, he never resorted to mental health treatment, and subsequent examinations showed normal mental health status in terms of alertness, orientation, cooperativeness, mood, and affect. [*Id.*]; *see also* [*id.* at 22 ("The claimant has no past or current treatment for depression and is on no medications for any mental health condition. There is no evidence this posed any functional limits on his ability to engage in basic work activity …. The claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere.").] In so assessing, the ALJ properly relied upon 20 C.F.R. §§ 404.1528 and 416.928, explaining that "a statement of symptoms alone is not sufficient to establish that there is a physical or mental impairment" because "the statement of symptoms must be accompanied by signs and laboratory findings." [*Id.* at 22.] Consequently, the ALJ's findings are supported by substantial evidence set forth in the record and there exists no factual or legal basis to disturb the same.

**B. The ALJ's Evaluation of Plaintiff's Subjective Complaints**

Plaintiff alleges next that the ALJ mischaracterized the evidence to discount his subjective complaints about back pain, overstating his ability to perform daily life activities as

9

well as the nature of the treatments and medications he received. [Pl.'s Br. 16–19.] Plaintiff claims that a proper consideration of his testimony regarding his symptoms would render him unfit to perform anything more than sedentary work. [*Id.* at 19.] The Commissioner responds that a description of symptoms, standing alone, is insufficient to establish impairment or disability. *See* [Comm'r's Opp. Br. 10 (citing 20 C.F.R. §§ 404.1528(a), 404.1529(a); *Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008)).] The Court agrees with the Commissioner that the ALJ possesses significant discretion, "virtually unreviewable" in fact, to consider a plaintiff's subjective complaints. *Hoyman v. Colvin*, 606 F. App'x 678, 681 (3d Cir. 2015). While the ALJ must consider statements concerning individual symptoms, she need not credit them, *see Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2006), and, as the Commissioner correctly argues, a bare description of symptoms cannot prove disability, *see Prokopick*, 272 F. App'x at 199.

In any case, the ALJ *did* consider Plaintiff's subjective complaints about back pain. Far from "misrepresenting the evidence," the ALJ dutifully evaluated Plaintiff's back-pain testimony, but found that it was "not supported by the objective medical evidence of record." [R. 25–26]; *see also* 20 C.F.R. §§ 404.1520c, 404.1529, 415.929, 416.920. The ALJ explained that Plaintiff could still "care for his personal needs, prepare meals[,] and do the trash …. He can do laundry, household chores, [and] grocery shopping." [R. 26.] According to the ALJ, the objective medical evidence did not definitively show that Plaintiff's symptoms rendered him unable to work. [*Id.* at 26–29 (recounting in detail Plaintiff's diagnoses and relevant medical history and concluding that Plaintiff's medical conditions, while limiting his ability to work, did not make work impossible).] Finally, the ALJ also considered the medical opinions rendered by the State's nonexamining physicians, finding that the RFC conclusions

10

reached by these physicians supported a finding of "not disabled." [*Id.* at 29.] The ALJ explained that while opinions of nonexamining physicians are merely persuasive authority, they carried significant weight in Plaintiff's case because they were uncontroverted, well-supported by record evidence, and consistent with medical examination findings. [*Id.*]

The Court is thus satisfied that the ALJ's opinion on this score is supported by substantial evidence. And, in any event, "a claimant may suffer from serious pain without being 'disabled' under the Social Security Act if []he is still able to work." *Sudler v. Comm'r of Soc. Sec.*, 827 F. App'x 241, 246 n.9 (3d Cir. 2020); *see also Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991); *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986). While misfortunate, intermittent difficulties stemming from chronic medical conditions are not equivalent to disability under the Act. Accordingly, remand for reconsideration of Plaintiff's subjective complaints is not warranted.

### C. Plaintiff's Obesity

Plaintiff lastly, albeit cursorily, argues that remand is warranted because the ALJ failed to consider his obesity. [Pl.'s Br. 20–21.] The Commissioner principally retorts that while the medical record arguably reflects his obesity, Plaintiff never argued that it affected his ability to work. [Comm'r's Opp. Br. 12–13.] The Court agrees. Tellingly, Plaintiff does not argue that he "[]ever mentioned obesity as a condition that contributed to h[is] inability to work." *Rutherford*, 399 F.3d at 553; *see* [Pl.'s Br. 20–21; Pl.'s Reply Br. 4–5.] "So even if [the Court] assume[s]—in accordance with common sense—that the administrative record's evidence of [Plaintiff's obesity] sufficed to alert the ALJ that obesity could be a factor, [Plaintiff] has not specified how that factor would affect the five-step analysis undertaken by the ALJ." *Id.* Plaintiff's "generalized", *id.*, reference to his "significant back impairments

11

and lung problems," [Pl.'s Br. 21], "is not enough to require a remand, particularly when the administrative record indicates clearly that the ALJ relied on the voluminous medical evidence as a basis for h[er] findings regarding h[is] limitations and impairments," *Rutherford*, 399 F.3d at 553.  All the more so given that Plaintiff does not argue that the "medical evidence mentions obesity as contributing to any limitation."  *Id.* at 553 n.5; *see* [Pl.'s Br. 20–21; Pl.'s Reply Br. 4–5.]  Therefore, the Court cannot conclude that the ALJ's decision is not supported by substantial evidence.[2]

## V.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the ALJ's decision.    An accompanying Order shall issue.

**June 26, 2026**                                    **/s/ Renée Marie Bumb**
Date                                                Renée Marie Bumb
                                                    Chief United States District Judge

---

[2] Consequently, the Court sees no need to address the Commissioner's alternative argument that the ALJ's purported error was irreversible harmless.  [Comm'r's Opp. Br. 12–13.]